**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:**

TAMMY AGUILAR,

                Plaintiff,

v.

NELSON WATSON & ASSOCIATES, LLC, a Massachusetts limited liability company,

                Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**VENUE**

3.     Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

**PARTIES**

4.     Plaintiff, Tammy Aguilar, is a natural person who resides in the City of Calhan, County of El Paso, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Nelson Watson & Associates, LLC, is Massachusetts limited liability company and a collection agency operating from an address at 80 Merrimack Street, Lower Level, Haverhill, Massachusetts, 01830 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6.      Sometime before December 2005 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account owed to Verizon Wireless (hereinafter the "Account").

7.      Due to circumstances beyond the Plaintiff's control the Account was not paid by the Plaintiff and it went into default with the creditor.

8.      Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

9.      On or about June 2006 the Plaintiff received phone calls from representatives, employees and / or agents of the Defendant who were attempting to collect the Account from the Plaintiff. The Plaintiff also called the Defendant in response to the phone calls. These phone calls each individually constituted a "communication" as defined by FDCPA §1692a(2).

10.  During the phone calls on or about June 2006 representatives, employees and / or agents of the Defendant repeatedly falsely threatened to garnish the Plaintiff's bank accounts if she did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(4), e(5), e(10) and 1692f preface.

11.  During the phone calls on or about June 2006 representatives, employees and / or agents of the Defendant repeatedly falsely threatened to file a lawsuit against the Plaintiff if she did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(7), e(10) and 1692f preface.

12.  During the phone calls on or about June 2006 representatives, employees and / or agents of the Defendant repeatedly told the Plaintiff that they were attorneys calling from a litigation attorney's office while attempting to collect the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(3), e(10) and 1692f preface.

13.  During the phone calls on or about June 2006 representatives, employees and / or agents of the Defendant repeatedly called the Plaintiff multiple times a day to annoy, abuse and harass the Plaintiff while attempting to collect the Account including repeatedly calling the Plaintiff back immediately after the Plaintiff hung up the phone on them. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(5), 1692e preface, e(10) and 1692f preface.

14.   During the phone calls on or about June 2006 representatives, employees and / or agents of the Defendant repeatedly told the Plaintiff that if she did not pay the current balance of $3,800.00 immediately that she would have to pay $10,000.00 to settle the Account in the future. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(5), e(10), 1692f preface and f(1).

15.   The Defendant has not filed any legal action(s) against the Plaintiff.

16.   The Defendant has not garnished the Plaintiff's bank accounts.

17.   The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

18.   The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(5).

19.   The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7) and e(10).

20.   The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

21.   Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying her alleged debt.

22.   Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

23.   As a consequence of Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

24.   The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

25.   The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

26.   As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

27.   The previous paragraphs are incorporated into this Count as if set forth in full.

28.   The acts and omissions of the Defendant and its representatives, employees and

/ or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(5), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), 1692f preface and f(1).

29.     Defendant's violations are multiple, willful and intentional.

30.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.      Actual damages under 15 USC § 1692k(a)(1).

2.      Statutory damages under 15 USC § 1692k(a)(2)(A).

3.      Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,


 s/ David M. Larson_____
David M. Larson, Esq.
Attorney for the Plaintiff
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006


Address of the Plaintiff:
9994 N Ellicott Hwy # 4
Calhan, CO 80808